***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-12-0001086
11-JAN-2016
09:03 AM**

SCWC-12-0001086

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

DEVENA C. TAVARES,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0001086; CASE NO. 1DTA-12-00236)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ., with Wilson, J.,
concurring separately, and Nakayama, J., dissenting
separately, with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Devena C. Tavares seeks

review of the July 16, 2014 Judgment on Appeal of the

Intermediate Court of Appeals (ICA) filed pursuant to its May 28,

2014 Summary Disposition Order. The ICA affirmed the

November 20, 2012 judgment of the District Court of the First

Circuit (district court).[1] The district court adjudged Tavares

guilty of Operating a Vehicle Under the Influence of an

---

[1]     The Honorable Clarence A. Pacarro presided.

Intoxicant (OVUII), in violation of Hawaiʻi Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2010).[2] We accepted Tavares's application for writ of certiorari and now vacate the ICA's Judgment on Appeal and the district court's judgment, and remand the case to the district court.

After being arrested for OVUII, Tavares was taken to the police station, where she was read an implied consent form.[3] Tavares then chose to take a breath test, which resulted in a

_____

[2] HRS § 291E-61(a)(3) (Supp. 2010) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath . . . .

[3] The form read in relevant part:

1.__ Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2.__ You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3.__ You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21. However, if you refuse to submit to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable. In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

breath alcohol content reading of 0.101 grams of alcohol per 210 liters of breath.  On certiorari, Tavares contends that she did not constitutionally consent to the breath test because her consent was coerced by the implied consent form, which conveyed a threat of imprisonment and significant punishment for refusal to submit to a breath, blood, or urine test under HRS § 291E-68 (Supp. 2010).

In State v. Won, No. SCWC-12-858, 2015 WL 7574360, at *16 (Haw. Nov. 25, 2015), we held that the "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's decision to submit to testing after being read the implied consent form "is invalid as a waiver of [defendant's] right not to be searched."  Following this decision, the result of Tavares's breath test is the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Tavares's motion to suppress the breath test result.[4]  Accordingly, Tavares's OVUII conviction cannot stand.

IT IS HEREBY ORDERED that the ICA's July 16, 2014 judgment on appeal affirming the district court's November 20,

---

[4] Because we vacate the ICA's judgment based on lack of consent, we do not reach her remaining points of error.

3

2012 judgment is vacated, and the case remanded to the district court for further proceedings consistent with our opinion in Won.

DATED: Honolulu, Hawaiʻi, January 11, 2016.

Jonathan Burge                              /s/ Sabrina S. McKenna
for petitioner
                                            /s/ Richard W. Pollack
Brian R. Vincent
for respondent                              /s/ Michael D. Wilson

Robert T. Nakatsuji
for *amicus curiae* Attorney
General of the State of Hawaiʻi